## THE JOHN C. FISHER.

### THE TOM ROSS.

### Ross et al. v. GRUBBS.

*(Circuit Court of Appeals, Third Circuit. April 22, 1892.)*

1. COLLISION—RIVER STEAMER LANDING—BOAT AT WHARF.
   A large river steamer, which in landing, head on, swung her stern around so as to strike a smaller steamer, safely moored at an adjacent private wharf, where she had a right to be, is liable for the damages caused thereby.

2. MARITIME LIENS—EXTINGUISHMENT—GIVING NOTE.
   In admiralty a note does not extinguish the lien of the claim for which it is given unless such is the understanding of the parties at the time. *The General Meade*, 20 Fed. Rep. 923, followed.

Appeal from the District Court of the United States for the Western District of Pennsylvania.

In Admiralty. Suit by I. W. Grubbs, owner of the steamer Tom Ross, against William Ross and others, claimants of the steamboat John C. Fisher. Decree for libelant. Libelee appeals. Affirmed.

*Mr. Barton,* for appellant.

*David S. McCann,* for appellees.

Before ACHESON, Circuit Judge, and BUTLER and GREEN, District Judges.

ACHESON, Circuit Judge. On December 10, 1889, the small steamer Tom Ross was safely moored and securely tied at a private wharf in the port of Cincinnati, Ohio. The boat was lying along the outside of a barge, and was at her usual berth, and in a place she had a right to occupy. About noon of that day the large and powerful steamboat John C. Fisher came into port, and in landing immediately above the Ross, head on, swung her stern around so as to strike the Ross with great force, and squeeze that vessel between the Fisher and the barge, crushing in both sides of the Ross. It does not appear that the Ross was culpable in any particular. She was plainly visible to those in charge of the Fisher, and it was their duty to steer clear of her. *Culbertson v. The Southern Belle,* 18 How. 584; *The Granite State,* 3 Wall. 310. No good reason for not avoiding the Ross is shown. The conclusion of the court below that the Fisher was wholly at fault, and was liable for the damages caused by the collision, was clearly warranted by the proofs.

Some months after the occurrence, the captain of the John C. Fisher, acting on behalf of that boat and the owners, signed as captain, and gave to the owner of the Tom Ross, a 90-days promissory note on account of the damages occasioned by the collision, and, if this note had been paid, the amount, although less than the claim, would have been accepted in full satisfaction. But it was not paid, and after default the libel in this case was filed against the Fisher. It is now contended that the taking of the note discharged the lien, and this is set up in bar of the libel. It is, however, well settled in admiralty that a note does not extinguish the lien of the claim for which it is given unless such is the understanding of the parties. *The Kimball,* 3 Wall. 37; *The General Meade,* 20 Fed. Rep. 923. Here it is not proved that there was any express agreement that the note should operate as a discharge of the lien. Neither do the circumstances under which the note was accepted warrant the inference that a waiver of the lien was intended. But the decided weight of the evidence is towards the conclusion that the note was taken by the owner of the Ross upon the express condition that it was not to operate as satisfaction of the claim unless it was paid. This defense altogether failed upon the proofs.

We find no error in this record, and the decree of the court below is affirmed.